**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

NICOLE W. BROWN,                                     Chapter 7

                                                     Case No. 25-21406 (CMG)

          Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

**KASEN & KASEN**
**David A. Kasen, Esq.**
Attorney for Debtor

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
**Andrea Dobin, Esq.**
Attorneys for Thomas Orr, Chapter 7 Trustee

**CHRISTINE M. GRAVELLE, U.S.B.J.**

**Introduction**

Chapter 7 trustee Thomas Orr (the "Trustee") moves to strike the bankruptcy exemptions claimed by debtor Nicole W. Brown (the "Debtor") under 11 U.S.C. § 522(b)(3)(B) for assets she owns jointly with her non-debtor spouse, Baika Brown (the "Spouse").  The assets include the residence at 105 Duda Lane, Aberdeen, New Jersey, held by the Debtor and her Spouse as tenants by the entirety (the "Property"), and two bank accounts held by them as joint tenants (the "Bank Accounts").  The Property and the Bank Accounts each have significant unencumbered equity.

The question before the Court is whether a debtor may exempt an interest in property held as a tenancy by the entirety under New Jersey law.  If the answer is yes, the Trustee will be unable to liquidate the assets, depriving creditors of any payment on their claims despite the substantial equity.  This would allow the Debtor to exit bankruptcy with not only the fresh start contemplated by the Bankruptcy Code (the "Code"), but also a head start through retention of a valuable asset no longer subject to the claims of her creditors.  If the answer is no, the assets will become part of the bankruptcy estate, allowing the Trustee to liquidate the jointly held assets without the consent of the Spouse.  This would eviscerate one of the principal protections afforded by New Jersey law to tenancies by the entirety and could result in the Spouse, who is not liable for the Debtor's individual debts and has not filed a bankruptcy petition, losing his residence.

For the reasons explained below, the Court finds that the Debtor may exempt her present possessory interest in the Property but may not exempt her contingent right of survivorship.  The Court further finds that the Debtor may not exempt the Bank Accounts.

## **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a), and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, and June 6, 2025, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).  Venue is proper in this Court under 28 U.S.C. § 1408.

## **Facts**

The Debtor filed a Chapter 7 bankruptcy petition on October 27, 2025.  On October 28, 2025, the Trustee was appointed to oversee the bankruptcy estate.  The petition and schedules

indicate that the Debtor and her non-filing Spouse own the Property as tenants by the entirety. The

Debtor values the Property at $771,000, subject to two mortgages totaling approximately

$272,000. Although her Spouse is jointly liable on the mortgages, the remaining debts listed by

the Debtor are solely her obligations and arise primarily from her ownership of a failed business.

The Debtor also lists the Bank Accounts on her schedules. One account is valued at $34,672.01,

and the other at $3,176.38. The Bank Accounts are held with her Spouse as joint tenants.

On Schedule C, the Debtor claims state and federal nonbankruptcy exemptions under §

522(b)(3), including 100% of the fair market value of the Property and 100% of the value of the

Bank Accounts. The Trustee timely filed the instant motion to strike the exemptions claimed in

the Property and the Bank Accounts.

## **Legal Analysis**

### Exemptions in Bankruptcy

The filing of a bankruptcy petition creates an estate comprised, with limited exceptions, of

"all legal or equitable interests of the debtor in property as of the commencement of the case." 11

U.S.C. § 541(a)(1). "It is from this central core of estate property that the debtor's creditors will

be paid." 5 Collier on Bankruptcy ¶ 541.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).

The Code allows debtors to exempt property of the estate, effectively removing that

property from the estate so that a Chapter 7 trustee cannot liquidate or distribute the exempt assets

to creditors. *See* 11 U.S.C. § 522; In re Farr, 278 B.R. 171, 177 (B.A.P. 9th Cir. 2002). These

exemptions are "an integral and fundamental component of a debtor's fresh start in bankruptcy

and thus are liberally construed." Hon. Joan N. Feeney & Michael J. Stepan, Bankruptcy Law

Manual § 5:34 (2025-1). Their purpose is to "let the debtor maintain an appropriate standard of

living as he or she goes forward after the bankruptcy case" by setting aside certain property as

exempt.  In re Farr, 278 B.R. at 175 (quoting 4 Lawrence P. King, Collier on Bankruptcy ¶ 522.01, at 522-10 (15th ed. rev. 2002)).

Section 522(b)(2) allows an individual debtor to exempt property under federal bankruptcy law.  Section 522(b)(3) allows an individual debtor to exempt property under applicable state and federal nonbankruptcy law.  Relevant here, under the latter provision a debtor may exempt "[a]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."  11 U.S.C. § 522(b)(3)(B).

Four elements must be satisfied for § 522(b)(3)(B) to apply: (1) the debtor must hold an interest in property; (2) the interest must have been held immediately before commencement of the case; (3) the interest must have been held as a tenant by the entirety or joint tenant; and (4) the interest must be exempt from process under applicable nonbankruptcy law.  Here, it is undisputed that the Debtor held an interest in the Property immediately before commencement of the case and that she held that interest as a tenant by the entirety.  The questions before the Court concern the nature of the Debtor's interest and whether that interest is exempt from process under applicable nonbankruptcy law.  To answer the former question, the Court turns to New Jersey law under the established principle that "property interests are created and defined by state law."  Butner v. United States, 440 U.S. 48, 55 (1979).

New Jersey Tenancy by the Entireties Law

In 1988, the New Jersey Legislature enacted N.J.S.A. 46:3-17.2 through -17.5, codifying the treatment of tenancy by the entirety property in the State (the "Entireties Act").  Two provisions are most relevant here.  The first provides that "[n]either spouse may sever, alienate, or otherwise

affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses." N.J.S.A. 46:3-17.4. Before its enactment, New Jersey courts could "compel the partition and sale of a spouse's interests in property held in a tenancy by the entirety[] in instances where equitable considerations justified such a remedy." Jimenez v. Jimenez, 454 N.J. Super. 432, 437 (App. Div. 2018) (citing Newman v. Chase, 70 N.J. 254, 263 (1976)). The Jimenez court held that the plain language of the Entireties Act changed the law and precluded partition and sale when the debts were owed by only one spouse because permitting such relief could detrimentally affect the other spouse's interest in the property. *See* id. at 438. As another court explained, enactment of the statute "evidences the legislature's intent to preserve the entireties estate and to elevate the interest of a married couple in the protection of their entireties property over the interest of a creditor of a single spouse in executing on such property." In re Montemoino, 491 B.R. 580, 589 (Bankr. M.D. Fla. 2012).

The second relevant provision of the Entireties Act provides that "[u]pon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its inception." N.J.S.A. 46:3-17.5. This provision codified the common-law right of survivorship inherent in tenancy by the entirety property, under which "after the death of one [spouse], the survivor takes the whole." N.T.B. v. D.D.B., 442 N.J. Super. 205, 218 (App. Div. 2015) (citation and internal quotation marks omitted). The right of survivorship is "an alienable property interest." Struble v. IRS, No. 01-3200, 2003 U.S. Dist. LEXIS 17016, at *12 (D.N.J. Sept. 23, 2003) (citing Freda v. Commercial Trust Co., 118 N.J. 36 (1990)).

<u>Nature of Debtor's Interest in Entireties Property</u>

A sister court in this District provided a comprehensive analysis of New Jersey law in the context of bankruptcy exemptions. *See* <u>In re Weiss</u>, 638 B.R. 543 (Bankr. D.N.J. 2022).  The <u>Weiss</u> court characterized a tenancy by the entirety as "made up of two distinct interests . . . both a joint interest shared with [a spouse], and an individual right of survivorship." <u>Id.</u> at 552. The <u>Weiss </u>court found that "[t]he plain language in N.J.S.A. 46:3-17.4 and -17.5 demonstrate[s] two separate interests in the Property exist," and that "it is these two interests together that form the Debtor's interest in the Property."  <u>Id.</u> at 551-52. This Court agrees.

As noted, the Code permits a debtor to exempt "any interest in property in which the debtor had . . . an interest as a tenant by the entirety to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."  11 U.S.C. § 522(b)(3)(B). The statutory language permits the Court to examine the distinct property interests comprising the debtor's overall interest as a tenant by the entirety.  The grammatical structure of the provision is significant.  The statute refers to "any interest" in "an interest."  Congress first referred to "<u>any interest</u> in property," identifying the property interest that may be exempted. It then specified the legal capacity in which that interest must be held.  It must be held in property "in which the debtor had . . . <u>an interest</u> as a tenant by the entirety."  The phrase "as a tenant by the entirety" identifies the nature of the ownership from which the debtor's property rights arise, while "any interest in property" identifies the particular interests subject to exemption analysis.  Any such interest that is "exempt from process" may be exempted from the bankruptcy estate.

Here, the Debtor holds two distinct interests in the Property: one that is subject to process and one that is not.  Nothing in the Code requires every legally recognized incident of a tenancy by the entirety estate to be treated collectively, nor does it provide that the existence of one non-

exempt interest renders every other legally recognized interest non-exempt.  Instead, Congress directed courts to determine whether any interest held by the debtor as a tenant by the entirety is "exempt from process" and expressly limited the exemption "to the extent that" the interest is protected under applicable nonbankruptcy law. That limiting phrase is significant. It contemplates that the scope of the exemption may be less than the whole of the debtor's ownership interest and therefore supports a separate analysis of the Debtor's distinct interests. Consequently, § 522(b)(3)(B) permits a partial exemption to the extent a particular interest is protected from judicial process.

Having adopted the Weiss court's conclusion that New Jersey recognizes distinct present possessory and survivorship interests, the Court finds that § 522(b)(3)(B) requires those interests to be analyzed independently for exemption purposes.  The Court therefore must determine whether each interest is exempt from process under applicable nonbankruptcy law.

Meaning of "Process"

Neither the Code nor New Jersey law expressly defines "process" or "exempt from process."  In Weiss, the court looked to the mechanisms through which a creditor enforces a judgment:

> [P]rocess is generally understood to be the steps a creditor takes to attach a lien and levy upon a debtor's property.  For example, in New Jersey, a judgment creditor automatically has a lien against all the debtor's property in the state once a creditor dockets a judgment . . . The procedure to execute upon such a judgment lien involves several steps—which together comprise "process."

In re Weiss, 638 B.R. at 552 (citing N.B. Savings Bank v. Markouski, 123 N.J. 402, 412 (1991)). The Third Circuit has provided further guidance concerning "process" in the context of § 522(b)(3)(B):

> The words "exempt from process" should not be read to include only the particular exemptions specifically allowed debtors by state law. Section 522(b)(2)(A) already refers to such exemptions, and thus Section 522(b)(2)(B) would be a redundancy unless "exempt from process" meant "immune from process." The latter subsection was written to allow the debtor to exempt an interest in entireties property that could not . . . be reached by creditors.

Napotnik v. Equibank & Parkvale Savings Ass'n, 679 F.2d 316, 318-19 (3d Cir. 1982).[1]

Accordingly, the question is not whether New Jersey has enacted a statutory exemption for tenancy by the entirety property, but whether the particular property interest at issue is immune from the judicial remedies available to an individual creditor under applicable nonbankruptcy law.

Applicable Nonbankruptcy Law

Section 522(b)(3)(B) further directs a court to exempt an interest in entireties property "to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." As with "process," the Code does not define "applicable nonbankruptcy law." The principal applicable nonbankruptcy law is New Jersey law, although relevant federal nonbankruptcy law also must be considered. The question is which law is "applicable" to this case. Reading "applicable" to mean "any" nonbankruptcy law would be overbroad. Section 522(b)(3)(B) does not ask whether entireties property is ever subject to judicial process under any conceivable body of nonbankruptcy law. Rather, Congress directed courts to determine whether "such interest" is "exempt from process under applicable nonbankruptcy law." The adjective "applicable" cannot be ignored. It requires the court to identify the body of nonbankruptcy law governing the rights and remedies presented by the case before determining whether the debtor's interest is exempt from process.

---

[1] The Napotnik decision preceded Code amendments that redesignated the paragraphs of subsection (b), which explains its reference to §§ 522(b)(2)(A) and (B). Those subsections now appear in the Code as §§ 522(b)(3)(A) and (B).

Interests Subject to Process Under Federal Law

Federal law recognizes broad collection remedies against entireties property in certain limited circumstances.  Most notably, the Internal Revenue Code (the "IRC") permits the United States to enforce federal tax liens against property interests that otherwise would be insulated from execution under state law.

The analytical framework for determining whether those federal remedies apply was established by the Supreme Court in United States v. Craft. See 535 U.S. 274 (2002).  There, the Court explained that the federal tax lien statute "creates no property rights but merely attaches consequences, federally defined, to rights created under state law."  Id. at 278 (quoting United States v. Bess, 357 U.S. 51, 55 (1958)).  Accordingly, a court first must look to state law to determine what rights the taxpayer possesses and then determine, as a matter of federal law, whether those state-created rights constitute "property" or "rights to property" to which the federal tax lien may attach.  Id. at 278.  The Craft court described property as a "bundle of sticks," observing that state law determines which sticks comprise the taxpayer's bundle, while federal law determines whether that collection of rights falls within IRC § 6321.  See id. at 278-80.  Applying that framework, the Supreme Court held that, although Michigan law prevented one spouse from unilaterally alienating entireties property, the taxpayer nevertheless possessed substantial rights, including the rights of use, exclusion, and survivorship, as well as the ability to convey or encumber the property with the other spouse's consent.  Those rights constituted "property" or "rights to property" under the federal tax lien statute. See id. at 282-85.

The Third Circuit applied those principles in United States v. Cardaci. See 856 F.3d 267 (3d Cir. 2017).  There, the Internal Revenue Service sought to enforce federal tax liens against New Jersey property owned by spouses as tenants by the entirety under IRC §§ 6321 and 7403.

The taxpayers argued that the Entireties Act prohibited any forced sale because only the husband was liable for the tax debt.  The Third Circuit rejected that contention, explaining that Congress had authorized the United States to enforce federal tax liens through the sale of property in which the delinquent taxpayer possessed an interest and that, under the Supremacy Clause, "state-created exemptions are swept aside" when they conflict with federal collection statutes. *See*  id. at 273 (quoting United States v. Rodgers, 461 U.S. 677, 701 (1983)).

The holdings of Craft and Cardaci are straightforward.  Federal tax law may authorize judicial process against interests in entireties property notwithstanding protections afforded by state law.  Those decisions do not, however, redefine the underlying property interests created by New Jersey law.  To the contrary, Craft begins by recognizing that state law defines the taxpayer's rights; federal law merely determines whether those rights are subject to the broad collection authority granted by Congress under IRC § 6321.  Likewise, Cardaci does not hold that the protections of the Entireties Act cease to exist against ordinary creditors.  It instead recognizes that Congress has provided the United States with extraordinary tax-collection remedies that supersede conflicting state-law protections.

The Third Circuit's decision in In re Brannon, reinforces this distinction. *See* 476 F.3d 170 (3d Cir. 2007). The Brannon court considered the treatment of Pennsylvania entireties property in bankruptcy and expressly distinguished Craft, observing that Craft involved the Internal Revenue Service's authority under IRC § 6321 to impose a federal tax lien on "all property" or "rights to property" of a delinquent taxpayer.  By contrast, a bankruptcy trustee "is granted no more authority than that given to creditors in nonbankruptcy circumstances" and remains bound by property rights created under state law. *See* id. at 176-77.  Thus, while the IRC authorizes the United States to

reach property interests beyond the reach of ordinary creditors, the Code does not itself enlarge the Trustee's substantive rights in property.

To conclude that the existence of the federal tax-lien statutes alone renders every tenancy by the entirety interest "not exempt from process" under § 522(b)(3)(B), would effectively read the word "applicable" out of that section.  IRC § 6321 reaches "all property and rights to property" of a delinquent taxpayer.   If the mere existence of those federal statutes controlled the § 522(b)(3)(B) inquiry, every tenancy by the entirety interest necessarily would be subject to process, regardless of whether the United States was a creditor or any federal tax liability existed. Section 522(b)(3)(B) thereby would become largely superfluous.

Accordingly, the Court reads <u>Craft</u>, <u>Cardaci</u>, and <u>Brannon</u> consistently.  State law defines the Debtor's property interests. Federal law may, when Congress has expressly provided extraordinary collection remedies, authorize judicial process against those interests notwithstanding state-law protections.  But where, as here, the Trustee seeks to administer property for the benefit of ordinary unsecured creditors, § 522(b)(3)(B) requires the Court to determine whether the Debtor's interests are exempt from process under the body of nonbankruptcy law applicable to this case.

<u>Interests Subject to Process Under New Jersey Law</u>

Under the Entireties Act, New Jersey courts consistently have recognized that "a tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right."  <u>N.T.B.</u>, 442 N.J. Super. at 218 (quoting <u>Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi</u>, 389 N.J. Super. 219, 227 (Ch. Div. 2006)).  Although the Entireties Act recognizes the right of survivorship, it does not bar a spouse from affecting that interest.  *See* N.J.S.A. 46:3-17.5.  The right of survivorship remains subject to levy and execution.  Because

New Jersey permits a creditor to subject the survivorship interest to judicial levy and execution, that interest is not immune from process within the meaning of § 522(b)(3)(B). The remaining question is whether that conclusion extends to every other legally recognized interest comprising the tenancy by the entirety.

The Jimenez court explained that, because of the Entireties Act—specifically N.J.S.A. 46:3-17.4—creditors no longer may partition or force the sale of entireties property to satisfy obligations owed by only one spouse during the spouses' joint lives. Thus, a creditor may not partition, sever, force the sale of, or otherwise divest the spouses of their concurrent possessory estate during their joint lives. The concurrent possessory estate therefore is protected from legal process.

This distinction is consistent with the Third Circuit's description of tenancy by the entirety property in Napotnik. There, the court explained that an individual creditor possesses, at most, "a presently unenforceable lien upon that spouse's expectancy of survivorship—a lien that becomes enforceable only when the other spouse dies." Napotnik, 679 F.2d at 319 (quoting Biehl v. Martin, 236 Pa. 519, 522 (1912)). Although Napotnik applied Pennsylvania law, its interpretation of "immune from process" under § 522(b)(3)(B) is instructive. Under New Jersey's post-Entireties Act framework, this Court has found no published decision applying New Jersey law that authorizes an individual creditor to execute upon, partition, or otherwise divest the spouses' present possessory estate acquired after the Act's effective date. The remedies available to an individual creditor remain limited to those interests that New Jersey law permits the creditor to reach.

The Entireties Act, however, is not the only New Jersey law that may affect entireties property. For example, the New Jersey Fraudulent Transfer Act (the "NJFTA") recognizes that whether tenancy by the entirety property is "subject to process" depends upon the extent to which

an individual creditor may reach that property under state law. *See* N.J.S.A. 25:2-20 to -35. The

NJFTA excludes from the definition of an "asset" "[a]n interest in property held in tenancy by the

entirety to the extent it is not subject to process by a creditor holding a claim against only one

tenant." *See* N.J.S.A. 25:2-21.

A court applying the NJFTA explained:

> [I]n New Jersey, the law is clear and well-settled. The interest of a debtor-spouse is subject to levy by that spouse's judgment creditor. The judgment creditor "may levy on and sell that spouse's right of survivorship as well as his or her undivided one-half interest in the life estate for the joint lives of the tenants."

Belding & Bernhard, Inc. v. Advokat, No. A-1677-05T5, 2007 WL 1108926, at *7 (N.J. Super. Ct.

App. Div. Apr. 16, 2007) (quoting Freda v. Commercial Trust Co., 118 N.J. 36, 45 (1990)). Based

on that law, the Belding court found that a spouse's interest in entireties property was subject to

process under the NJFTA.

Belding is distinguishable. First, as previously discussed, § 522(b)(3)(B) directs courts to

determine whether "any interest in property in which the debtor had . . . an interest as a tenant by

the entirety" is "exempt from process" under applicable nonbankruptcy law. By contrast, the

NJFTA directs the process inquiry to "an interest in property held in tenancy by the entirety," rather

than to the separate interests that comprise the entireties estate. *See* N.J.S.A. 25:2-21. The Court

does not disagree with Belding's interpretation of the NJFTA's definition of "asset," but Belding

did not address the Entireties Act. Belding informs the Court's understanding of creditor remedies

under New Jersey law, but it does not answer the distinct federal question presented by §

522(b)(3)(B).

Second, to the extent Belding suggests that an individual life-estate interest remains subject

to levy, the Court disagrees with that analysis. It would be inconsistent to conclude that N.J.S.A.

46:3-17.4—which prevents a spouse from "sever[ing], alienat[ing], or otherwise affect[ing]" an interest in entireties property—nevertheless permits the sale of a life-estate interest.  The principal purpose of the Entireties Act is to protect the non-debtor spouse's interest in the property.  That interest would be adversely affected if an unknown third party could levy upon and purchase the right to use and occupy the property through ownership of a life estate.  Moreover, Belding did not account for the change in law effected by the Entireties Act.  It stated that "a court of equity may deny a creditor's demand for partition of the marital home under circumstances demonstrating undue hardship to the debtor's family."  2007 WL 1108926, at *7 (citing Newman, 70 N.J. at 265-66).  As Jimenez later explained, however, the Entireties Act precluded that remedy.

The Court concludes that applicable New Jersey law treats the Debtor's present possessory interest and contingent right of survivorship differently.  The survivorship interest remains subject to judicial levy and execution and therefore is not immune from process.  The present possessory interest, however, may not be partitioned, severed, or sold to satisfy the separate obligation of one spouse and therefore remains immune from the creditor remedies that comprise "process" for purposes of § 522(b)(3)(B).

The Bank Accounts

The Entireties Act provides that a tenancy by the entirety may exist in both real and personal property. See N.J.S.A. 46:3-17.2(a).  The Debtor argues that the funds in the jointly held Bank Accounts likewise are exempt under § 522(b)(3)(B).

Bank accounts, however, also are governed by the New Jersey Multiple-Party Deposit Account Act (the "MPDAA"), which defines the ownership interests of deposit-account holders and governs the rights of account holders and financial institutions. See N.J.S.A. 17:16I-1 to -17.  Relevant here, the MPDAA provides:

> A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit. In the absence of proof of net contributions, the account belongs in equal shares to all parties having present right of withdrawal.

N.J.S.A. 17:16I-4(a). The New Jersey Appellate Division recently considered the interaction between the Entireties Act and the MPDAA in two unpublished decisions. In Discover Bank v. Tahir, the court rejected the argument that the Entireties Act displaced the ownership provisions of the MPDAA, holding that "N.J.S.A. 46:3-17.4 does not supersede the presumptive apportionment established in N.J.S.A. 17:16I-4." *See* 2024 WL 3466503, at *2 (N.J. Super. Ct. App. Div. July 19, 2024). Likewise, in Discover Bank v. Mullen, the court concluded that, absent evidence establishing that the account was held as a tenancy by the entirety, the MPDAA governed ownership of the account. *See* 2023 WL 8613515, at *3 (N.J. Super. Ct. App. Div. Dec. 13, 2023). In both cases, the courts applied the MPDAA's statutory presumption that the parties owned equal shares of the funds because that presumption had not been rebutted.

The same result follows here. Although the Entireties Act permits spouses to hold personal property as tenants by the entirety, the record contains no evidence that the Bank Accounts were established as tenancy by the entirety accounts. Nor is there evidence concerning the parties' respective net contributions sufficient to overcome the ownership presumption in N.J.S.A. 17:16I-4(a). On this record, the Court cannot conclude that the Bank Accounts constitute tenancy by the entirety property entitled to analysis under § 522(b)(3)(B). Accordingly, the Debtor's claimed exemption in the Bank Accounts is denied.

Practical and Policy Considerations

The Court recognizes that separately exempting the Debtor's present possessory interest while leaving the contingent right of survivorship in the bankruptcy estate creates practical

questions concerning administration, valuation, or disposition of the remaining non-exempt interest. This interpretation may, in some cases, limit the assets available for administration or present practical questions concerning valuation or disposition of a debtor's remaining non-exempt interests. Those consequences, however, do not permit the Court to depart from the language enacted by Congress. Section 522(b)(3)(B) expressly incorporates applicable nonbankruptcy law in defining the scope of the exemption, and the Court must apply the statute as written. Any broader expansion or contraction of the exemption is a matter for Congress, not the courts. Ultimately, this interpretation leaves the Trustee with no greater rights against the Debtor's tenancy by the entirety property than those possessed by an individual judgment creditor under applicable nonbankruptcy law, consistent with the text of § 522(b)(3)(B).

## **Conclusion**

For the reasons stated herein, the Court will GRANT the Trustee's Motion to Strike Exemptions as to the Bank Accounts, DENY the motion as to the Debtor's present possessory interest in the Property, and GRANT the motion as to the Debtor's contingent right of survivorship.

Dated:  August 6, 2026                                              **/s/Christine M. Gravelle**
                                                                                United States Bankruptcy Judge